UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ROOSEVELT RICHARDSON,               )
                                    )
            Petitioner,             )
                                    )
    v.                              )     Civil Action No. 13-0492 (RLW)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Roosevelt Richardson's petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 [ECF No. 1] and the Government's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus [ECF No. 7]. For the reasons discussed below, the petition will be dismissed.

### I. BACKGROUND

In the Superior Court of the District of Columbia, "[f]ollowing a jury trial, [petitioner] was convicted on October 2, 1996, of five felonies relating to a gun injury suffered by Lanita Spears." *Richardson v. United States*, 8 A.3d 1245, 1246 (D.C. 2010); *see* Gov't's Mot. to Dismiss Pet'r's Pet. for Writ of Habeas Corpus ("Gov't Mot.") at 1 (listing charges set forth in indictment). The court imposed a sentence of 16 years to life imprisonment. Pet. at 1. Petitioner

1

filed an appeal to the District of Columbia Court of Appeals on March 6, 1997. Gov't Mot. at 2; *see* Pet. at 2.

Petitioner also filed a motion under D.C. Code § 23-110 for a new trial, which the Superior Court denied on August 30, 1999, after having conducted an evidentiary hearing. Gov't Mot. at 2. Petitioner appealed this ruling, and the Court of Appeals consolidated it with his direct appeal.[1] *Id.* Before the Court of Appeals were the following four arguments:

> 1) that the trial court erred in failing to suppress the identification testimony of the government's main eyewitness; 2) that the trial court erred in declining to give a missing witness instruction; 3) that there was insufficient evidence to sustain [petitioner's] conviction; and 4) [that] the trial court erred in allowing the government to elicit certain repetitious information from a witness.

*Id.*, Ex. A (Memorandum Opinion and Judgment at 1, *Richardson v. United States*, Nos. 97-CF-463 & 99-CO-1237 (D.C. Ct. App. Nov. 26, 2002)). The Court of Appeals affirmed both the judgment of conviction and the denial of the § 23-110 motion for new trial. *Id.*, Ex. A. Petitioner neither moved to recall the mandate nor filed a petition for a writ of certiorari in the United States Supreme Court. *See* Pet. at 2-3.

Pursuant to the Innocence Protection Act ("IPA"), *see* D.C. Code § 22-4135, on October 24, 2006, petitioner filed in the Superior Court another collateral attack on his conviction, this time "on the basis of an affidavit from a witness who was not called at [his] 1996 trial." *Richardson*, 8 A.3d at 1246. Petitioner "claimed that the affidavit contained 'new evidence' that proved his actual innocence." *Id.* He also brought a second claim of ineffective assistance of trial counsel pursuant to D.C. Code § 23-110. *Id.* The Superior Court appointed counsel to represent petitioner, held a hearing at which the witness testified, and ultimately denied the

---

[1] The Court of Appeals stayed petitioner's direct appeal pending resolution by the Superior Court of the § 23-110 motion for a new trial.

2

motion. *Id.* at 1248. The Court of Appeals affirmed, noting its "agree[ment] with the trial court that the affidavit and testimony do not entitle [petitioner] to relief under the IPA." *Id.* at 1246. Nor did the Superior Court "err in denying consideration of [petitioner's] successive § 23-110 motion, which is barred by procedural default." *Id*. at 1247.

On April 11, 2013, petitioner filed the instant petition for a writ of habeas corpus, setting forth ten instances underlying his claim of ineffective assistance of trial counsel. *See generally* Pet. at 3-12.[2] In addition, petitioner alleges "that his appellate counsel was ineffective and should have raised" these instances of trial counsel error "during the Petitioner's first 23-110 motion." Pet. at 13. Had appellate counsel raised these "non-frivolous claims," petitioner contends, petitioner "would have prevailed." *Id.*

## II. DISCUSSION

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a). Although habeas relief in federal court may be available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief,

---

[2]  Petitioner signed the petition on February 5, 2013, *see* Pet. at 14, yet the Clerk of Court did not receive the petition until April 11, 2013.

3

unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[3] D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).") , *cert. denied*, 559 U.S. 1042 (2010); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

To the extent that petitioner seeks review of claims arising from errors that may have occurred during criminal proceedings in the Superior Court and from trial counsel's allegedly deficient performance, this Court cannot entertain them because petitioner does not show that his remedy under D.C. Code § 23-110 is inadequate or ineffective. *See Williams,* 586 F.3d at 998; *Plummer v. Fenty*, 321 F. App'x 7, 8 (D.C. Cir. 2009) (per curiam). Nor does "petitioner's lack of success in the District of Columbia courts . . . render his local remedy inadequate or ineffective." *Blount v. Wilson*, No. 11-0743, 2011 WL 1526945, at *1 (D.D.C. Apr. 19, 2011) (citations omitted); *see Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it."). The only matter that this Court may address is petitioner's ineffective assistance of appellate counsel claim under "the standard set forth in 28 U.S.C. § 2254." *Williams*, 586 F.3d at 1002.

---

[3] The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 559 U.S. 1042 (2010).

4

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1-year period of limitation on motions brought under [28 U.S.C. § 2255]," *United States v. Saro*, 252 F.3d 449, 251 (D.C. Cir. 2001) (citation omitted), which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2241(d)(2). "Courts have generally applied the same analysis to the time limitations in § 2254 and § 2255," *United States v. Cicero,* 214 F.3d 199, 203 n.* (D.C. Cir. 2000), and, therefore, a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of the District of Columbia Superior Court. 28 U.S.C. § 2244(d)(1); *see Wright v. Wilson*, 930 F. Supp. 2d 7, 10-11 (D.D.C. 2013).

Applying 28 U.S.C. § 2244(d)(1)(A), because petitioner did not seek a writ of certiorari within 90 days after the Court of Appeals affirmed his convictions on November 26, 2002, *see* Sup. Ct. R. 13(1), his convictions became final on or about February 25, 2003. The one-year

5

limitation period would have ended on or about February 26, 2004. Thus, respondent argues, the habeas "petition is time-barred and should be dismissed."[4] Gov't Mot. at 10.

Petitioner raises two arguments in an attempt to establish the timely filing of his habeas petition. First, *see* Pet. at 13, he relies on *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), which recognizes a single, narrow circumstance where a petitioner might overcome a procedural default so that his claim for ineffective assistance of counsel may proceed. *See id.* at 1320. Presumably petitioner is arguing that the filing of the instant petition within one year after the *Martinez* decision renders the petition timely.

*Martinez* provides that, if a state collateral review scheme prevents a petitioner from raising an ineffective assistance of *trial* counsel claim on direct review, and instead allows him to raise such a claim for the first time in a collateral proceeding, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." *Id*. at 1315. In the District of Columbia, petitioner is not so constrained. Petitioner could raise – and actually did raise – ineffective assistance of trial counsel claims on direct appeal. *See* Pet. at 2; Gov't Mot., Ex. A. Furthermore, the instant petition is not petitioner's first post-conviction filing, and here he is challenging the effectiveness of appellate counsel in addition to the effectiveness of trial counsel. "By its terms . . . , *Martinez* does not apply . . . because [petitioner] raises a claim of ineffective assistance of *appellate*

---

[4] Petitioner cannot count on his second § 23-110 motion to toll the limitation period under 28 U.S.C. § 2244(d)(2) because that motion was filed on October 24, 2006, more than two years after the limitation period expired. And even if the one-year limitation period were tolled between October 24, 2006 and March 21, 2011 (from the date petitioner filed his second § 23-110 motion to the date on which the 90-day period for filing a petition for a writ of certiorari with respect to his successive § 23-110 motion considered in conjunction with his IPA motion expired), the instant petition still is untimely. The one-year limitation period would have commenced on or about March 12, 2011, and expired on or about March 12, 2012.

counsel." *Baisey v. Stansberry*, No. 10-0352, 2013 WL 360024, at *2 (D.D.C. Jan. 30, 2013) (citing *Martinez*, 132 S. Ct. at 1319) (emphasis in original); *see Trevino v. Thaler*, __ U.S. __, __, 133 S. Ct. 1911, 1918 (2013) (finding procedural default excusable under *Martinez* where "state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'") (quoting *Martinez,* 132 S. Ct. at 1318-21)). *Martinez* simply does not apply to petitioner's case.

Petitioner next invokes the doctrine of equitable tolling. *See, e.g.,* Pet'r's Resp. to the Gov't's Mot. to Dismiss Pet'r's Pet. for Writ of Habeas Corpus [ECF No. 9] ("Pet'r's Opp'n") at 3-6. Equitable tolling applies "only if [petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2562 (2010) (citation and internal quotation marks omitted). Even if the Court were to consider the "filings of motions for a new trial based on ineffective assistance of trail [sic] counsel in the D.C. Superior Court and the D.C. Court of Appeals . . . as diligence in pursuing his rights," Pet'r's Opp'n at 5, petitioner does not demonstrate, and the Court on its review of the petition cannot identify, any extraordinary circumstance that would have prevented him from pursuing habeas relief in federal court within the applicable time limit.

The record reflects that petitioner did not pursue an ineffective assistance of appellate counsel claim by moving to recall the mandate of the District of Columbia Court of Appeals. *See Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc) (holding that "motion in this court to recall the mandate is the appropriate avenue to take in presenting" ineffective assistance of appellate counsel claim). Only a petitioner who has moved to recall the mandate may proceed with an ineffective assistance of appellate counsel claim in this Court. *See*

*Williams*, 586 F.3d at 999; *Page v. Holland*, No. 13-37, 2013 WL 3830166, at *3 (E.D. Ky. July 23, 2013) (dismissing "contention that his appellate counsel was ineffective for failing to argue on direct appeal that petitioner's trial counsel was ineffective" because "[n]owhere in the habeas petition does petitioner indicate that he filed a motion to recall the mandate (i.e., a motion alleging ineffective assistance of appellate counsel) in the D.C. Court of Appeals"); *Chase v. Rathman*, 765 F. Supp. 2d 1, 3 (D.D.C. 2011) (finding that petitioner's "apparent failure to seek recall of the mandate does not allow this court to entertain his petition, and it does not render his remedy in the District of Columbia Court of Appeals inadequate or ineffective"); *see also Gonzalez v. Stone*, __ F. Supp. 2d __, __, 2013 WL 5811775, at *1 (D.D.C. Oct. 25, 2013) (dismissing without prejudice as premature a habeas petition raising ineffective assistance of appellate counsel claim where petitioner's motion to recall mandate had been filed but not yet decided).

### III. CONCLUSION

None of petitioner's ineffective assistance of counsel claims is properly before this Court. His challenges to the effectiveness of trial counsel are matters properly addressed in the District of Columbia courts, and his challenge to the effectiveness of appellate counsel not only is time-barred but also is precluded by petitioner's failure to move to recall the mandate of the District of Columbia Court of Appeals. Accordingly, the government's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

DATE: November 14, 2013                            ROBERT L. WILKINS
                                                                United States District Judge